LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
Robert L. Kraselnik (RK 0684)
40-08 Case Street, 2nd Floor
Elmhurst, NY 11373
Tel.: 646-342-2019
Fax: 646-661-1317
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

CARMELO FLORES, on behalf of
himself and others similarly situated,

        Plaintiff,

        v.

JOEL MARTINEZ
d/b/a LA BELLA PIZZERIA,

        Defendant.

Case No.:

**COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff, CARMELO FLORES (hereinafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Complaint against Defendant, JOEL MARTINEZ d/b/a LA BELLA PIZZERIA ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendant: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendant: (1) unpaid overtime, (2) unpaid spread of hours premium, (3) liquidated damages and statutory penalties and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, CARMELO FLORES, is a resident of Queens County.

6. Upon information and belief, Defendant, JOEL MARTINEZ, owns and operates a food/beverage establishment called "LA BELLA PIZZERIA" located at 47-06 Greenpoint Avenue, Sunnyside, NY 11104.

7. Upon information and belief, Defendant, JOEL MARTINEZ, is the Chairman or Chief Executive Officer of LA BELLA PIZZERIA. JOEL MARTINEZ exercised control over the terms and conditions of Plaintiff's employment and those of similarly situated employees. With respect to Plaintiff and other similarly situated employees, he had the power to (i) fire and hire, (ii) determine rate and method of pay and (iii) otherwise affect the quality of employment.

8. At all relevant times, Defendant, JOEL MARTINEZ d/b/a LA BELLA PIZZERIA, was and continues to be "enterprise engaged in commerce" within the meaning of the FLSA.

9. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Defendant.

10. At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff his lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

11. At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff his lawfully earned spread of hours premium in direct contravention of the New York Labor Law.

12. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

13. In or about June of 2011, Plaintiff, CARMELO FLORES, was hired by Defendant to work as a cook, cleaning person, and food preparer for Defendant's "La Bella Pizzeria", a food/beverage establishment located at 47-06 Greenpoint Avenue, Sunnyside, NY 11104.

14. Plaintiff worked for Defendant until on or about November 13, 2016.

15. During the employment of Plaintiff, CARMELO FLORES, by Defendant, he worked over forty (40) hours per week. During CARMELO FLORE'S employment by Defendant, he often worked over ten (10) hours per day.

16. Plaintiff, CARMELO FLORES, worked approximately 72 hours per week. Specifically, for example, in the week period from January 15, 2016 through January 22, 2016, he worked as follows:

| | |
|---|---|
| 11/6/2016 | 11:00am-11:00pm |
| 11/7/2016 | 11:00am-11:00pm |
| 11/8/2016 | 11:00am-11:00pm |
| 11/9/2016 | 11:00am-11:00pm |
| 11/10/2016 | 11:00am-11:00pm |
| 11/11/2016 | 11:00am-11:00pm |
| 11/12/2016 | off |

Plaintiff remained with this schedule for the duration of his employment with Defendant. Plaintiff received a fixed weekly salary of $720. Throughout Plaintiff's tenure with Defendant, Plaintiff was paid in cash. Plaintiff was not paid the overtime rate of time and one-half for any hours worked past 40 in a workweek. Additionally, Plaintiff did not receive any breaks during any workweek.

17. Defendant knowingly and willfully operated its business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff and other similarly situated employees.

18. Defendant knowingly and willfully operated its business with a policy of not paying the New York State "spread of hours" premium to Plaintiff.

4

19. Defendant knowingly and willfully operated its business with a policy of not providing a proper wage statement to Plaintiff and other similarly situated employees, in violation of the New York Labor Law.

20. Plaintiff retained the Law Offices of Robert L. Kraselnik, PLLC to represent him and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

21. Plaintiff realleges and reavers Paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22. At all relevant times, upon information and belief, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

23. At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

24. Upon information and belief, at all relevant times, Defendant, JOEL MARTINEZ d/b/a LA BELLA PIZZERIA had gross annual revenues in excess of $500,000.

25. At all relevant times, the Defendant had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for his hours worked in excess of forty hours per workweek.

26. Defendant failed to pay Plaintiff overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

27. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff should be in the possession and custody of the Defendant. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

28. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for his hours worked in excess of forty (40) hours per week when Defendant knew or should have known such was due.

29. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

30. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

31. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff suffered damages in an amount not presently of ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

32. Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## <u>VIOLATION OF THE NEW YORK LABOR LAW</u>

33. Plaintiff realleges and reavers Paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. At all relevant times, Plaintiff was employed by the Defendant within the meaning of the New York Labor Law, §§2 and 651.

35. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

36. Defendant willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff for each workday exceeding ten (10) or more hours.

37. Defendant knowingly and willfully operated its business with a policy of not providing a proper wage statement to Plaintiff and other similarly situated employees, in violation of the New York Labor Law.

38. Defendant willfully violated Plaintiff's rights by failing to provide him proper notices and wage statements in violation of the New York Wage Theft Prevention Act, N.Y. Lab. Law § 198(1-a) (enacted on April 9, 2011).

39. As a result of Defendant's violation of the New York Wage Theft Prevention Act, Plaintiff is entitled to damages of at least $150 per week during which the violations occurred and/or continue to occur.

40. Due to the Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid overtime, unpaid "spread of hours" premium, statutory

penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and all similarly situated employees, respectfully requests that this Court grant the following relief:

a.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.    An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.    An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d.    An award of unpaid "spread of hours" premium due under the New York Labor Law;

e.    An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f.    An award of statutory penalties including statutory penalties under the Wage Theft Prevention Act, and prejudgment and postjudgment interest;

g.    An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime compensation and "spread of hours" premium pursuant to the New York Labor Law;

h.    An award of statutory penalties, and prejudgment and postjudgment interest;

j.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January 31, 2017

Respectfully submitted,

LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
Robert L. Kraselnik (RK 0684)
40-08 Case Street, 2nd Floor
Elmhurst, NY 11373
Tel.: 646-342-2019
Fax: 646-661-1317
*Attorney for Plaintiff*

By: _____
ROBERT KRASELNIK (RK 0684)