UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                           :

CARMELO FLORES, *on behalf of himself*    :
*and others similarly situated*,              :
                                           :

                             Plaintiff,       : **MEMORANDUM**
                                           : **DECISION AND ORDER**

                - against -            :
                                           : 17 Civ. 561 (BMC)

JOEL MARTINEZ *d/b/a* LA BELLA         :
PIZZERIA,                                  :
                                           :

                           Defendant.       :
                                           :
------------------------------------------------------------ X

**COGAN**, District Judge.

Plaintiff alleges that he was a restaurant worker at defendant's pizzeria and that defendant

failed to pay him overtime wages as required by the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201 *et seq.*, and corresponding provisions of the New York State Labor Law ("NYLL"),

§§ 190 and 650 *et seq.* Before me is plaintiff's motion for default judgment. The motion is

granted in part.

## BACKGROUND

According to his complaint and affidavit in support of his motion for a default judgment,

plaintiff worked as a cook, cleaning person, and food preparer from June of 2011 until

November 13, 2016 for defendant Joel Martinez, who owns and operates a pizzeria in Queens

called "La Bella Pizzeria." During that period, plaintiff worked 72 hours per week and received

a fixed weekly salary of $720. He was paid only in cash, and he never received overtime.

**DISCUSSION**

It is hornbook law that on a motion for default judgment, the well-pleaded allegations of a complaint pertaining to liability are accepted as true.  See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).  In the instant case, the complaint's allegations are sufficient to establish liability.

It is equally well-settled that on a motion for a default judgment, a defendant's default does not constitute an admission as to the damages claimed in the complaint.  See Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009).  The burden is on plaintiff to establish, by a reasonable certainty, his entitlement to the relief requested.  See Greyhound Exhibitgroup, 973 F.2d at 158; see also Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).  To determine damages, the court may conduct an inquest, see Fed. R. Civ. P. 55(b)(2), or it may rely on the affidavits and other documentary evidence provided by plaintiff, obviating the need for a hearing on damages, see Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015).

There is no need for an inquest here.  Plaintiff's affidavit constitutes adequate proof of his damages, and nothing would be gained by having him appear to repeat his hours as set forth in his affidavit.  Plaintiff's proven damages are as follows:

| ELEMENT OF DAMAGES | AMOUNT |
|---|---|
| Unpaid overtime | $45,600 |
| Liquidated damages (NYLL § 198(1-a)) | $45,600 |
| Failure to provide wage statements (NYLL § 195(3)) | $2500 |
| Failure to post wage notice (NYLL § 195(1)) | $2500 |
| **TOTAL** | **$96,200** |

I am disallowing the following claimed elements of damages: (1) liquidated damages

under the FLSA, see Jimenez v. Computer Express Int'l Ltd., No. 13 Civ. 5657, 2015 WL

1034478 (E.D.N.Y. Mar. 10, 2015); and (2) spread of hours premium under the NYLL, see

Fermin v. Las Delicias Peruanas Rest., Inc., 93 F. Supp. 3d 19, 49 (E.D.N.Y. 2015), as plaintiff

has submitted no calculation as to the amount due.

Plaintiff has also requested attorneys' fees in the amount of $8,650. This amount consists

of 27.5 hours of attorney hours, billed at $300 per hour for a total of $8,250, and $400 in out-of-

pocket expenses for the complaint filing fee. However, counsel has provided no time records

that would enable me to determine whether 27.5 hours was a reasonable expenditure of time

based on the work performed. This is a fundamental requirement of any fee application. "A fee

applicant bears the burden of demonstrating the hours expended and the nature of the work

performed through contemporaneous time records that describe with specificity the nature of the

work done, the hours, and the dates." Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 95

(E.D.N.Y. 2012); see also N.Y. Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147

(2d Cir. 1983) ("[C]ontemporaneous time records are a prerequisite for attorney's fees in this

Circuit."). "Where the documentation of hours is inadequate, the district court may reduce the

award accordingly." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

In any event, 27.5 hours appears to be an unreasonable expenditure of time for a default

judgment resolution on a wage complaint, with 27.5 hours representing more than double what

courts in this district have previously found reasonable. See, e.g., Ahmed v. Subzi Mandi, Inc.,

No. 13-CV-3353, 2014 WL 4101224, at *10 (E.D.N.Y. May 27, 2014) (awarding 14.90 hours to

solo practitioner in wage and hour default), adopted by, 2014 WL 4101247 (E.D.N.Y. Aug. 18,

2014); Rosas v. Subsational, No. 11-CV-2811, 2012 WL 4891595, at *11 (E.D.N.Y. Sept. 11,

2012) (finding 8.7 hours "not only reasonable but reflect[ing] an efficient use of [attorney's] time compared with similar cases coming before the Court), adopted sub nom, Rosas v. SBS 1310 Corp., 2012 WL 4866678 (E.D.N.Y. Oct. 15, 2012); Blue v. Finest Guard Servs., Inc., No. 09-CV-133, 2010 WL 2927398, at *15 (E.D.N.Y. June 24, 2010) (awarding 10.36 hours to plaintiffs' attorney).

The failure to provide any documentation at all and the unreasonable number of hours expended without documentation warrants an across-the-board 50% reduction of attorney's fees to $4,125. See Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998) (affirming district court's reduction in attorneys' fees for "vagueness, inconsistencies, and other deficiencies in the billing records").

## CONCLUSION

Plaintiff's motion for a default judgment is granted to the extent set forth above. The Clerk is directed to enter judgment in favor of plaintiff and against defendant in the amount of $96,200 in damages, plus $4,125 in attorneys' fees and $400 in out-of-pocket costs, for a total of $100,725.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       April 25, 2017